**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| Jimmy Tuan Tran<br><br>        Plaintiff,<br><br>vs.<br><br>Defendant "1" a/k/a "Miko" and John Doe Defendants 1-4 who are the cohorts of Defendant "1" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br>Binance: 0x7b338050e5002de4b4963401d73fb4ec507cc812<br>OKX: 0x71fbc4ba1608bb110ba9ee7725b6869cbf33a2bb<br>HTX: 0x8552681ca9fdb2be3b383c4fd0e90b3789609253<br>and<br>Crypto.com: 0x8c8cf418be7dce2f288486ccc7b3680293376c5f<br><br>        Defendant(s). | Civil Action No. 4:24-cv-04769 |

### PLAINTIFF JIMMY TUAN TRAN'S MOTION TO EXTEND TIME FOR SERVICE AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Plaintiff, by and through the undersigned counsel of record in the above-styled case, and pursuant to Fed. R. Civ. P. 4(m) and 6(b)(1)(A) and hereby files this Motion for Enlargement of Time to serve the Complaint and Summons on Defendant "1" a/k/a "Miko" and John Doe Defendants 1-4 and in support thereof, states as follows:

1. The Complaint was filed on December 5, 2024, in the United States District Court for the Southern District of Texas. (*See* Doc. No. 1).

2. Pursuant to F.R.C.P. 4(m), Plaintiff is required to complete service within 90 days, on or before March 5, 2024.

3. Fed. R. Civ. P. 6(b)(1)(A) allows the court, for good cause, to extend the time to serve the complaint and summons on a defendant if a request is made, before the original time or its extension expires.

4. Plaintiff is the victim of a sophisticated cryptocurrency scam known as "pig butchering," which resulted in the significant loss of Plaintiff's life savings. (*Id*. a ¶¶ 14-37).

5. Defendant "1" misrepresented to Plaintiff that her name was "Miko" and that she was originally from Germany but currently living in Los Angeles, California. (*Id*. at ¶ 10).

6. Due to the nature of pig butchering scams, which are typically directed from Southeast Asia, Plaintiff was not able to identify the true identities of the Defendants or their locations when he filed his lawsuit and has still not yet been able to identify the true identities of the Defendants. (*Id*. at ¶¶ 10-37).

7. The perpetrators of these schemes operate anonymously from overseas locations and use fictitious names and aliases, making traditional service of process extremely challenging, if not impossible. (*See id.*)

8. While Plaintiff has been unable to effectuate traditional service, Plaintiff has obtained the following information about the Defendants:

    a. Cryptocurrency wallet addresses used to steal Plaintiff's funds. (Doc. No. 1 at ¶ 11.) Prior to filing the lawsuit, Plaintiff's expert was able to trace his stolen cryptocurrencies to various digital wallet addresses located on several foreign cryptocurrency exchanges, including:

        Binance:
        0x7b338050e5002de4b4963401d73fb4ec507cc812

        OKX:
        0x71fbc4ba1608bb110ba9ee7725b6869cbf33a2bb

2

    HTX:
    0x8552681ca9fdb2be3b383c4fd0e90b3789609253

    Crypto.com:
    0x8c8cf418be7dce2f288486ccc7b3680293376c5f

  b. E-mail addresses used to communicate with Plaintiff. (*Id.* at ¶36).

9. On January 14, 2025, Plaintiff filed his motion for alternate service seeking leave to serve Defendants via website publication, via NFT to the above listed cryptocurrency deposit wallets, and via email to addresses used by Defendants to perpetrate the scams. (Doc. No. 8.)

10. As soon as this Court grants Plaintiff's motion for alternate service, Plaintiff will expeditiously serve Defendants via those methods.

11. Because the time for which Plaintiff must serve Defendants has arrived, and this Honorable Court has not yet ruled on Plaintiff's motion for alternate service, Plaintiff respectfully requests this Court grant Plaintiff an extension to effectuate service.

12. Given these circumstances, Plaintiff has filed a motion for alternative service of process, requesting permission to serve the Defendants through the digital methods available (cryptocurrency wallet addresses, e-mail, publication on Plaintiff's service website, and service via NFT).

13. Plaintiff believes these alternative methods of service are reasonably calculated to provide notice to the Defendants and comply with due process requirements, given the Defendants' demonstrated use of these digital channels in perpetrating the fraud against Plaintiff.

14. Plaintiff has directed the creation of Non-Fungible Tokens ("Service NFTs") containing notices of this action and a link to Plaintiff's service website (https://usdccourtservice.com/cv-04769/). Plaintiff is prepared to complete service via the

aforementioned alternative means as soon as this Honorable Court issues a ruling on Plaintiff's Motion for Alternative Service.

15. Pursuant to Fed.R.Civ.P. 4(m), the court must allow additional time if good cause exists.

16. "If good cause is present, the district court *must* extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Even in the absence of good cause, a court may decide whether to exercise its discretion and extend Plaintiff's time for service. *Id.* Additionally, Fed. R. Civ. P. 6(b)(1)(A) allows the court, for good cause, to extend the time [to serve the complaint and summons on a defendant] . . . if a request is made, before the original time or its extension expires.

17. Here, good cause exists to extend service for the reasons set forth above.

18. Moreover, there are currently no discovery deadlines in this case.

19. This request is not being made for any improper purpose.

20. No prejudice would inure to Defendants as a result of the requested enlargement of time.

21. Alternatively, Plaintiff will be severely prejudiced should the Court not grant additional time to serve the Complaint.

22. No previous requests for extension of time have been requested.

23. As such, good cause exists to extend the time within which to timely serve process.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order granting a ninety (90) day enlargement of time, through and including June 3, 2025, so Plaintiff can complete third-party discovery and serve the complaint and summons upon those individuals identified in any third-party production as well as by methods of alternative service, should it be necessary and granted by this Court.

Dated: March 4, 2025                              Respectfully Submitted,

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas, Esq.
*Attorney-in-Charge*
*(Admitted Pro Hac Vice)*
La. Bar No. 38522
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
rthomas@awkolaw.com

*/s/ Marshal J. Hoda*
Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
**THE HODA LAW FIRM, PLLC**
3120 Southwest Fwy
Ste. 101 PMB 51811
Houston, TX 77098
Telephone:  832-848-0036
marshal@thehodalawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 4, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-04769/).

               Respectfully Submitted,

               */s/ Reagan Charleston Thomas*
               Reagan Charleston Thomas, Esq.
               *Attorney-in-Charge*
               *(Admitted Pro Hac Vice)*
               La. Bar No. 38522
               **AYLSTOCK, WITKIN,**
               **KREIS & OVERHOLTZ, PLLC**
               17 East Main Street, Suite 200
               Pensacola, FL 32502
               Telephone: 850-202-1010
               Fax: 850-916-7449
               rthomas@awkolaw.com