UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jimmy Tuan Tran<br><br>    Plaintiff,<br><br>vs.<br><br>Defendant "1" a/k/a "Miko" and John Doe Defendants 1-4 who are the cohorts of Defendant "1" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br>Binance: 0x7b338050e5002de4b4963401d73fb4ec507cc812<br>OKX: 0x71fbc4ba1608bb110ba9ee7725b6869cbf33a2bb<br>HTX: 0x8552681ca9fdb2be3b383c4fd0e90b3789609253<br>and<br>Crypto.com: 0x8c8cf418be7dce2f288486ccc7b3680293376c5f<br><br>    Defendant(s). | Civil Action No. 4:24-cv-04769 |

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANTS PURSUANT TO RULE 4(f)(3)

Plaintiff Jimmy Tuan Tran, (hereinafter, "Plaintiff") has filed a Motion for Order Authorizing Alternative Service of Process on Foreign Defendants[1] pursuant to Rule 4(f)(3). ECF No. 8 ("Motion"). On consideration, the motion is granted.

I.    **BACKGROUND**

According to the Verified Complaint, Defendants deceived Plaintiff into transferring approximately $662,855.60 worth of cryptocurrency into Defendants' private cryptocurrency

---

[1] Plaintiff does not know the true identities of the Defendants but believes they are foreign nationals. ECF No. 1.

wallet addresses (collectively "Destination Addresses") after Defendant 1 fraudulently represented that she was a cryptocurrency investor who would assist Plaintiff in investing his cryptocurrency. ECF No. 1 at ¶¶ 23-30. Relying on Defendants' misrepresentations, Plaintiff believed he was utilizing a legitimate and regulated cryptocurrency exchange website but instead, accessed and ultimately transferred his cryptocurrency assets to a fraudulent website that facilitated the transfer of Plaintiff's cryptocurrency assets into Defendants' Destination Addresses.[2]

While Plaintiff does not know the physical addresses of Defendants, let alone their true identities, based off of the Defendants' scheme which bears unmistakable characteristics of a Southeast Asian pig-butchering scam, Plaintiff believes Defendants are residing in Southeast Asia, most likely China. ECF No.1 at ¶¶ 10-12. In light of the above, Plaintiff filed the instant Motion seeking to serve Defendants via NFT electronic transfers and web posting. ECF No. 8.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923(11th Cir. 2003); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at 2 (S.D. Fla. May 31, 2007); *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in

---

[2] According to the Verified Complaint, Plaintiff retained CipherBlade, LLC (hereinafter, "CipherBlade"), a forensic cryptocurrency tracing expert, to trace the stolen assets. ECF No. 1 at ¶ 40. Plaintiff has attached Cipherblade's tracing report containing the Destination Addresses to the Verified Complaint and incorporated it by reference. *See* ECF No. 1-1.

contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian,* Case No. 10-cv-60585-JIC, 2010 WL 1740695, at 3 (S.D. Fla. April 29, 2010) (quoting *Rio Props., Inc.,* 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998).).

Service of a foreign defendant must comply with both constitutional due process notice requirements and Rule 4(f) of the Federal Rules of Civil Procedure. *Terrestrial Comms LLC v. NEC Corp.,* No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020) (citing *WhosHere, Inc. v. Orun,* 2014 WL 670817, at *2 (E.D. Va. Feb. 20. 2014)). To satisfy due process, the method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Terrestrial Comms LLC* 2020 WL 3270832, at *3 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652 (1950)).

Rule 4(f) governs service of process on an individual in a foreign country and provides three mechanisms of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means or if an international agreement allows but does not specify other means by [certain specified methods outlined in the Rule] reasonably calculated to give notice ...; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)—(3).

"Rule 4(f) does not denote any hierarchy or preference of one method of service over another, and permitting service by alternative means is neither a last resort nor extraordinary relief." *Document Operations LLC v. AOS Legal Techs.,* 4:20-CV-1532, 2020 WL 6685488 (S.D. Tex. Nov. 12, 2020) (citing *Enovative Techs., LLC v. Leor,* 622 Fed.Appx. 212 (4th Cir.2015); *Rio*

3

*Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see e.g. SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2:20-CV-00003-JRG, 2021 WL 3493168 (E.D. Tex. Mar. 16, 2021). As such, "when applying Rule 4(f)(3), the Court can order any means of service "so long as it provides reasonable assurance that defendant will be notified of the lawsuit and is not prohibited by international agreement." *Id.* (citations omitted). "Ultimately, the decision whether to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court." *Id.* (citations omitted).

Moreover, "alternate service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods.'" *Document Operations LLC v. AOS Legal Techs.*, 4:20-CV-1532, 2020 WL 6685488, at *3 (S.D. Tex. Nov. 12, 2020) (quoting *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (granting motion for alternative service via e-mail)).

Furthermore, the plain language of Rule 4(f)(3) reflects that an order allowing an alternate means of service lies within the sole discretion of the District Court. *See Prewitt Enters., Inc.*, 353 F.3d at 921; *Rio Props., Inc.*, 284 F.3d at 1116; *see, e.g.*, Brookshire Bros., Ltd., 2007 WL 1577771, at 2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props., Inc.*, 284 F.3d at 1114-15; *see also Brookshire Bros., Ltd.*, 2007 WL 1577771, at 1.

4

In *Brookshire,* the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.,* 2007 WL 1577771, at 1 (quoting *Rio Props., Inc.,* 284 F.3d at 1015). *Accord TracFone Wireless, Inc. v. Bitton,* 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held: "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at 2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at 1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.,* 278 F.R.D. at 692; *Rio Props., Inc.,* 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, for example service by e-mail where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.,*

5

As such, the Court finds the service proposed by Plaintiff is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at 1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.*, 278 F.R.D. at 692; *Rio Props., Inc.*, 284 F.3d at 1016.

Accordingly, Plaintiff's Motion for an order authorizing alternate service, ECF No. 8, is **GRANTED**. Plaintiff is authorized to serve Defendants as follows:

(1) Via blockchain transfer of Plaintiff's NFT to Defendants' Crypto Wallet addresses (providing a copy of the Complaint, Summons, any other filings in this matter, and Plaintiff's Website address https://usdccourtservice.com/cv-04769/;

(2) Via e-mail to support@cme-crypto.org and support@icecrypto.vip (providing a copy of the Complaint, Summons, any other filings in this matter, and Plaintiff's Website address);

(3) Via website posting by posting a copy of the Complaint, Summons, and any other filings in this matter on Plaintiff's Website appearing at the URL https://usdccourtservice.com/cv-04769/.

ORDERED this 13th day of March, 2025.

Andrew S. Hanen
United States District Judge