**UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Jimmy Tuan Tran | § |
| | § |
| *versus* | § Civil Action 4:24-cv-04769 |
| | § |
| Defendant "1", et al. | § |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   No Rule 26(f) meeting has occurred, nor has any communication been held with Defendants as no adverse party has appeared or reached out. Plaintiff's undersigned counsel remains ready to confer promptly upon Defendant's appearance.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Plaintiff is not aware of any cases related to the present action pending in any state or federal court at this time. However, given the pervasive nature of these large-scale and often global digital scams, through discovery, it is possible Plaintiff will discover related controversies.

3. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is predicated upon:

   - 18 U.S.C. § 1964 (Racketeer Influenced and Corrupt Organizations Act – RICO);
   - 28 U.S.C. § 1331 (federal question jurisdiction);
   - 28 U.S.C. § 1332 (diversity jurisdiction).

   Plaintiff alleges a pattern of racketeering by Defendants constituting wire fraud and RICO violations connected to an international cryptocurrency theft scheme.

4. **Name the parties who disagree and the reasons**.

    No party disagreements have been identified, as Defendants have not appeared or responded.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff anticipates that third parties may be identified via discovery (including blockchain wallet owners and possible coconspirators). Plaintiff will seek leave to amend and include John Doe Defendants as additional information becomes available through discovery.

6. **List anticipated interventions.**

   No interventions are anticipated at this time.

7. **Describe class-action issues.**

   No class action allegations are made at present.

   The complaint brings only individual claims for recovery of Plaintiff's stolen cryptocurrency assets. Should other victims be identified by discovery, Plaintiff reserves the right to revisit class claims as appropriate.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff's counsel represents that initial disclosures required by Rule 26(a) will be made promptly upon entry of scheduling order or appearance by Defendants, whichever is earlier.

   No arrangement for exchanging disclosures with Defendants has occurred, as Defendant has not appeared.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   Plaintiff proposes standard discovery as detailed below.

   If expedited third-party discovery is granted, Plaintiff will promptly seek information from identified exchanges (Binance, OKX, HTX, Crypto.com) regarding wallet ownership and transfers.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Interrogatories will be sent to appearing Defendants following initial disclosures and upon identification of wallet owners, if any.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant(s) have not appeared; no proposals received.

    **D.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of Defendants and relevant third parties regarding ownership and control of implicated cryptocurrency wallets, as soon as identities are known and subject to Defendants' appearance(s).

    **E.**    **Of whom and by when the defendant anticipates taking oral depositions.**

No proposals received; Defendants have not appeared.

    **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff has retained forensic blockchain tracing experts (CipherBlade, LLC) whose report is referenced and attached to the complaint; Plaintiff will designate experts and provide reports within 60 days of appearance by Defendants, or as ordered by the Court.

    **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates completion of expert depositions within 90 days after expert designations.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants have not appeared; no proposals received.

**10.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

No disagreements have arisen, as only Plaintiff is present. Plaintiff submits his proposed schedule, subject to the appearance of Defendants.

**11.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery has occurred to date beyond Plaintiff's forensic investigation attached to the complaint (CipherBlade tracing report).

**12.**    **State the date the planned discovery can reasonably be completed.**

Plaintiff estimates discovery may be completed within 180 days (6 months) after the

appearance of Defendants or entry of a case management order.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   No settlement or resolution discussions have occurred; Defendants have not appeared in the matter nor contacted counsel/Plaintiff to engage.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Plaintiff filed a verified complaint, sought alternative service (granted), and moved for expedited third-party discovery (pending) to swiftly identify Defendants and recover the stolen assets.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   Plaintiff is amenable to alternative dispute resolution (mediation or early neutral evaluation) at the close of fact discovery following Defendant identification and appearance, when and if such techniques may be effective.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   Plaintiff is amenable to trial before a magistrate judge subject to agreement after appearance by Defendant(s).

17. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand has been made by Plaintiff for all triable issues.

18. **Specify the number of hours it will take to present the evidence in this case.**

   Plaintiff cannot estimate the length of time required for trial until discovery is conducted and parties are identified.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   Plaintiff's Motion for Expedited Third-Party Discovery remains pending. The relief sought in this motion is critical to advancing the case. [ECF CITE].

   Plaintiff has also moved for the deadline of the proposed scheduling order to be deferred and postponed until Defendants are identified through discovery. [ECF CITE].

20. **List other motions pending.**

Other than Plaintiff's Motion for Expedited Third-Party Discovery and Plaintiff's Motion to Defer Deadline for Proposed Scheduling Order, no other motions are pending.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff respectfully requests special attention to his expedited third-party discovery motion, as prompt identification of wallet holders is critical for progress and possible recovery in this cryptocurrency theft matter.

Plaintiff also requests attention to novel issues of blockchain forensics, given the nature of the digital cryptocurrency scam involved.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

| Name | Bar No. | Address | Phone |
|---|---|---|---|
| Marshal J. Hoda Esq. | | The Hoda Law Firm, PLLC<br>3120 Southwest Fwy Ste. 101 PMB 51811<br>Houston, TX 77098<br>marshal@thehodalawfirm.com | 832-848-0036 |
| Reagan Charleston Thomas, Esq. | La. 38522 | Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main St, Ste 200,<br>Pensacola, FL 32502 | 850-202-1010 |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-04769/).

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas
LA Bar No. 38522
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
Email: rthomas@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

*Attorney for Plaintiff*