United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Jimmy Tuan Tran,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4769 |
| | § | |
| **DEFENDANT 1,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court[1] is Plaintiff Jimmy Tuan Tran's ("Plaintiff") Ex Parte Motion for Expedited Discovery and Leave to Serve Third Party Subpoenas (ECF No. 15). Based on a review of the motion, arguments, and relevant law, the Court **GRANTS** Plaintiff's motion (*id.*).

### I.   Background

According to the Complaint, Defendant "1" a/k/a "Miko" ("Defendant 1") and John Doe Defendants 1–4 ("Doe Defendants") (collectively, "Defendants") stole 5,136 Tether (USDT), 140.05 Ethereum (ETH), and 172,043 USD Coin (USDC) from Plaintiff pursuant to a global internet cryptocurrency fraud and conversion scheme, the current market value of which is $662,855.60. (ECF No. 1 at ¶ 1).

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 25).

In June 2023, Defendant 1 began talking to Plaintiff on Twitter. (*Id.* at ¶ 23). The conversation eventually moved to WhatsApp, where Defendant 1 offered to help Plaintiff become a successful cryptocurrency trader. (*Id.* at ¶¶ 23–24). Eventually, Plaintiff began transferring cryptocurrency from Crypto.com and Kraken accounts, legitimate third-party online platforms for buying, selling, transferring, and storing cryptocurrency, to a fraudulent platform, "cme-crypto.org." (*Id.* at ¶¶ 26–31). When Plaintiff ultimately decided to transfer all the cryptocurrency from cme-crypto.org back to Plaintiff's Crypto.com and Kraken accounts, he discovered that his funds had been frozen. (*Id.* at ¶ 35). After receiving a response from "support@cme-crypto.org" that he would have to pay $20,300.00 in bail to release the frozen funds, Plaintiff realized he had been scammed. (*Id.* at ¶ 36).

Plaintiff states that, a transaction is assigned a "transaction hash" ("TXID") after it is made on the blockchain. (*Id.* at ¶ 38). A TXID is used to uniquely identify a particular transaction. (*Id.*). All on-chain transactions have a unique TXID that can be seen in transaction details. (*Id.*). Between June 2023 and November 2023, Plaintiff alleged he made twenty-three transactions from his Crypto.com and Kraken accounts to the fraudulent exchange. (*Id.* at ¶ 39). Plaintiff states he retained forensic cryptocurrency tracing experts who have traced Plaintiff's stolen assets on the blockchain. (*Id.*

at ¶ 40). Allegedly, this tracing shows Defendant 1, with the help of multiple co-conspirators, opened numerous cryptocurrency wallets owned by Doe Defendants to launder the stolen cryptocurrency to the identified foreign cryptocurrency exchange. (*Id.* at ¶ 41).

## II. Legal Standard

Generally, discovery is conducted after a Federal Rule of Civil Procedure ("Rule") 26(f) conference. However, Rule 26(d) allows expedited discovery prior to a Rule 26(f) conference when "authorized by these rules, by stipulation, or by court order." Rule 26(d) does not offer guidelines on when courts should grant an expedited discovery request. Courts generally use "either a preliminary-injunction-style analysis or the good cause standard to determine whether a party is entitled to conduct expedited discovery." *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 1:17-cv-143, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (internal quotations omitted). The Fifth Circuit has not explicitly adopted either of these standards to determine whether expedited discovery is proper; however, many district courts apply the "good cause" standard. *See St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (collecting cases); *Yogaratnam v. Doe*, No. 24-cv-393, 2024 WL 4838925, at *4 (E.D. La. Nov. 20, 2024) (applying the good cause standard).

3

"'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Yogaratnam*, 2024 WL 4838925, at *4 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In conducting this analysis, courts must examine the discovery request based on the entirety of the record and the reasonableness of the request considering the circumstances. *See St. Louis Grp., Inc.*, 275 F.R.D. at 239. Courts may also consider (1) the breadth of the discovery requests; (2) the purpose for requesting expedited discovery; (3) the burden on the defendants to comply with the requests; and (4) how far in advance of the typical discovery process the request was made. *Id.* at 239 n.4.

When a plaintiff seeks to use expedited discovery to identify a Doe defendant, courts generally consider if that plaintiff has identified "the missing party with sufficient specificity, the previous steps taken to locate the elusive defendant, and whether the plaintiff's claims would withstand a motion to dismiss." *Mary Kay Inc. v. Beyou-Cosms. storefront on www.eBay.com*, No. 3:21-cv-1074, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) (internal quotations omitted). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for

expedited discovery should be narrowly tailored in scope." *Accruent, LLC v. Short*, No. 1:17-cv-858, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

### III. Discussion

Plaintiff seeks leave of Court to serve limited, immediate discovery on four third-party cryptocurrency exchanges: (1) Binance; (2) OKX; (3) HTX; and (4) Crypto.com (collectively, the "cryptocurrency exchanges"). (ECF No. 15 at 4). Plaintiff states he retained forensic cryptocurrency tracing experts who traced the stolen cryptocurrency to electronic wallets at these cryptocurrency exchanges. (*Id.* at 2–3). Plaintiff also seeks Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information to help identify the names of Defendants and their locations, as well as account defaults to prevent further dissipation of the assets. (*Id.* at 4).

Plaintiff argues "[t]he cryptocurrency exchanges possess, by virtue of collected KYC and AML information, the information which will identify Defendants and also all details regarding the status of Plaintiff's funds that now sit in wallets on their respective exchanges." (*Id.* at 7). Further, Plaintiff contends good cause exists as (1) the burden on the cryptocurrency exchanges is minimal; (2) the breadth of the request is reasonable and narrowly tailored; and (3) the discovery is necessary to allow the case to proceed. (*Id.*).

The Court finds Plaintiff has shown good cause. To obtain expedited discovery regarding the identity of an unknown Doe defendant, a plaintiff must identify the Doe defendant with "sufficient specificity [so] that the Court can determine that the defendant is a real person who can be sued in federal court . . . ." *Yogaratnam*, 2024 WL 4838925, at *5 (quoting *ZG TOP Tech. Co. v. Doe*, No. 19-cv-92, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019)). Plaintiff has met this burden by explaining that, to open an account on a cryptocurrency exchange, Plaintiff would have had to provide a passport or driver's license. (*See* ECF No. 15 at 2). Thus, Plaintiff has shown the Doe Defendants are real people who can be sued by a federal court. *See Yogaratnam*, 2024 WL 4838925, at *5. Plaintiff has also demonstrated that he took clear steps to locate the Doe Defendants by hiring forensic cryptocurrency tracing experts to track the stolen cryptocurrency and the fraudsters' identities. *See id.* While Plaintiff has not yet shown whether his Complaint would survive a motion to dismiss, he has shown that the subpoenas would likely lead to identifying information of the Doe Defendants. *See Yogaratnam*, 2024 WL 4838925, at *6 ("As such, if these exchanges abide by [KYC] guidelines, they should be able to provide at least some relevant information regarding the identities of the Doe Defendants considering the Doe Defendants should have provided this information to the exchanges when they created their digital wallets.").

Further, "the Court considers the overarching principle that good cause to grant expedited discovery 'may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party' and where the request is reasonable." *Id.* (quoting *Semitool, Inc.*, 208 F.R.D. at 276). Here, the Court finds reasonableness and the administration of justice require granting expedited discovery. Without a court order for this information, Plaintiff will be unable to identify the individuals involved in the scheme he was subject to. The cryptocurrency exchanges will face no prejudice in responding to the third-party subpoena, as this basic identifying information is easily accessible to them. *See id.* As such, Plaintiff has satisfied his burden of showing good cause exists to conduct expedited discovery.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Ex Parte Motion for Expedited Discovery and Leave to Serve Third Party Subpoenas (ECF No. 15).

Plaintiff is authorized to serve third-party subpoenas on Binance, OKX, HTX, and Crypto.com to obtain the information described as follows:

a. Account holder's name, address, phone number, and email address.

    b. Know Your Customer (KYC) and Anti-Money Laundering (AML) information.

    c. Account balances and transaction history to prevent the further dissipation of Plaintiff's stolen assets.

    d. Records of transfers to/from the relevant wallet addresses to further prevent the dissipation of Plaintiff's stolen assets.

It is further **ORDERED** that the cryptocurrency exchanges shall respond within 14 days of service of the subpoenas. Plaintiff shall attach a copy of this Order to the subpoena.

It is **SO ORDERED**.

**SIGNED** in Houston, Texas on November 26, 2025.

_____
Richard W. Bennett
United States Magistrate Judge